We have only to add, that the main question involved in the present application was expressly decided in *Ex parte Cahill*, 52 Cal. 463. In that case the facts were like those of the present; except that there the County Court had made an order resubmitting to "the next grand jury" *after* it. had dismissed the action, or discharged the defendant from custody. But the Court did *not* there hold that the power to resubmit continued after the prosecution had been dismissed, and there could have been no pretense that the order of resubmission in and of itself constitutes a warrant or process which justified the Sheriff in restraining the party of his liberty. The Court, in terms, declared that the Sheriff was justified in holding his prisoner by the warrant of the Justice of the Peace. The Court say : "No bar to another prosecution having occurred, and the prisoner being at large without bail in consequence of the order of the County Court discharging him from custody, it was competent for any committing magistrate of the proper county to examine the charge made against him ; and if, upon such examination, he appeared to be guilty, to hold him to answer. (52 Cal. 464.)

The prisoner must be remanded to custody. So ordered.

MORRISON, C. J., ROSS, J., THORNTON, J., SHARPSTEIN, J., and MYRICK, J., concurred.

McKEE, J., dissented.

---

[No. 6,306.]
## HAEFENEGGER v. BRUCE.

FINDINGS—APPEAL—BILL OF EXCEPTIONS—JURISDICTION.—From a bill of exceptions, settled after the filing of the notice of appeal, it appeared that the plaintiff requested the Court to make findings, and that the Court failed to do so. *Held*, to be error, and judgment reversed.

APPEAL from a judgment for defendant, and from an order denying a new trial, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

Judgment was entered December 28th, 1877. A statement on motion for new trial was settled and filed January 11th, 1878. An order denying a new trial was made May 3rd, 1878. Notice of appeal from this order and from the judgment was filed May 8th, 1878. A bill of exceptions was settled and signed by the Judge September 13th, 1878. In this it is stated that the cause was tried March 6th, 1877, and the decision of the Court rendered October 26th, 1877, to which decision plaintiff duly excepted; that the plaintiff thereupon requested the Court to make and sign findings of fact, which the Court failed to do; and that, on the 28th day of December, judgment was entered in favor of defendant; that findings of facts have never been made, and have never been waived by either of the parties; and that plaintiff excepts to the failure of the Court to make such findings. There is nothing to show when the draft of the bill of exceptions was served or presented for settlement. The Judge's certificate is as follows: " The defendant's counsel apparently consenting to the correctness of the above bill of exceptions, I hereby sign and settle the same as correct."

No formal notice of entry of judgment appears to have been served on the defendant.

*M. G. Cobb*, and *Wm. Crosby*, for Appellant.

Cited: Code Civ. Proc. §§ 632-3. *Dowd* v. *Clark*, 51 Cal. 263.

*Wheaton & Scrivner*, for Respondent.

The pretended bill of exceptions was not settled and filed at the time nor in the manner required by the Code of Civil Procedure, §§ 649-651. (*Higgins* v. *Mahoney* 50 Cal. 444.) The appeal taken May 8th, 1878, more than four months before the settlement and filing of the bill of exceptions, took the case out of the jurisdiction of the District Court, and the Judge of the Court had no power to settle or sign such a bill, and his action is void. (*Mulcahy* v. *Glazier*, 51 Cal. 626; *Smith* v. *Lawrence*, Id. 34.)

It was suggested by the Court at oral argument that inasmuch as the bill of exceptions had been settled and allowed by the

Judge, that the intendments of the law were that it was regularly and properly done. It may be that the intendments are that it was presented to the Judge within the statutory period, but there can be no intendments to contradict the record as to when it was settled and filed.

Department No. 2, by the COURT (from the Bench):

The bill of exceptions in this case shows that, upon the rendition of the judgment in favor of the defendant, the plaintiff requested the Court to make and sign findings of fact, which the Court failed to do, and that findings of fact never have been made or waived, which is made a ground of exception by the plaintiff.

For this error the judgment must be reversed.

Judgment reversed.

---

[No. 6,424.]

## SIEMERS *v.* EISEN.

PRACTICE — TRIAL — INSTRUCTIONS.— It is not error to refuse instructions, although correct, where the principles embodied in them are covered by the charge of the Court.

NEGLIGENCE.—The failure of any person to perform a duty, imposed upon him by statute or other legal authority, in itself constitutes negligence. Accordingly, where the plaintiff was injured by a runaway horse, left unfastened in the street—in violation of an ordinance: *Held*, that the Court, instead of leaving the question of negligence to the jury, might have instructed them that the proof fully established it.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*King & Rodgers*, for Appellant.

*W. S. Goodfellow*, for Respondent.