[S. F. No. 2296. Department One.—November 26, 1902.]

In the Matter of the Guardianship of MABEL IONE LEWIS, a Minor. ALFRED J. LEWIS, Appellant, v. SARAH A. READ, Respondent.

GUARDIAN OF MINOR—APPOINTMENT—INDEPENDENT PETITIONS—FIND-INGS.—Where two persons each filed an independent petition for appointment as guardian of a minor, and no answer was filed to either petition, upon a hearing of the two petitions together, no findings were necessary.

ID.—QUESTION OF FACT—REVIEW UPON APPEAL.—Where all of the evidence taken upon the hearing of both petitions is brought up by bill of exceptions, and there is sufficient evidence to sustain the appointment made, the decision of the question of fact as to which was the proper person to receive the appointment will not be disturbed upon appeal.

APPEAL from an order of the Superior Court of Monterey County appointing a guardian. N. A. Dorn, Judge.

The facts are stated in the opinion of the court.

S. F. Geil, and T..J. Riordan, for Appellant.

Daugherty & Lacey, for Respondent.

GAROUTTE, J.—This is an appeal from an order appointing respondent guardian of the minor, Mabel Ione Lewis. Appellant and respondent each filed petitions for letters of guardianship, appellant being the father and respondent the grandmother. These petitions were heard together, and the grandmother's application for letters was granted. It is first contended that there are no findings to support the allegations of respondent's petition, and likewise no findings to

overthrow the allegations of appellant's petition. There were no answers filed to these respective petitions, and therefore no issues made which demanded findings of fact. (*In re Heldt*, 98 Cal. 553.) The evidence has all been brought here upon a bill of exceptions, and after reading it the court is prepared to say that the order appointing the grandmother guardian of the person of the minor will not be reversed, upon the ground of lack of evidence to support it. The question as to which one of these two parties was the proper party to be appointed guardian over the person of this child was essentially a question of fact for the trial court, and that court having decided it, and there being substantial evidence to support that decision, this court will not interfere by setting aside the order for lack of evidence.

The order is affirmed.

Harrison, J., and Van Dyke, J., concurred.