[No. 76. First Appellate District.—September 1, 1905.]

In the Matter of the Estate and Guardianship of ELEANOR LOUISA DELLOW and VINCENT ALEXANDER DELLOW, Minors.

GUARDIANSHIP OF MINORS—WELFARE OF CHILDREN—QUESTION OF FACT —SUPPORT OF FINDINGS.—In awarding the guardianship of orphan minors, the court is to be governed by what appears to be for the best interests of the children in respect to their mental and moral welfare. The question as to such welfare is one of fact, and where a finding of the court that it is for the best interests of the minors that the godmother of one of the children should have the control of them rather than their aunt, is sustained by the evidence, and the godmother was appointed as such guardian, the appointment will not be disturbed upon appeal from an order denying a new trial, regardless of whether a finding that the father requested such godmother to act as their guardian is or is not supported by the evidence.

ID.—APPEAL FROM JUDGMENT AFTER SIXTY DAYS—REVIEW OF EVIDENCE. —Upon appeal from the judgment, taken more than sixty days after its entry, the insufficiency of the evidence to support it cannot be reviewed, and the judgment must be affirmed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Nathan H. Frank, for Appellant.

John M. Burnett, for Respondent.

HALL, J.—There are two appeals in this case,—one by Flora Dellow from a judgment of the trial court denying her petition to be appointed guardian of the persons and estates of Eleanor Louisa Dellow and Vincent Alexander Dellow, minors, and granting the petition of Rose A. Shields to be appointed guardian of the same children, and another from an order denying appellant's motion for a new trial,—both before us on one record.

The appeal from the judgment was taken more than sixty days after the rendition of judgment, and therefore the suffi-

ciency of the evidence to sustain it cannot be considered on the appeal from the judgment. This is conceded to be true by counsel for appellant in his brief, and it is not contended that the findings do not support the judgment; so the judgment must be affirmed.

As to the appeal from the order denying the motion for a new trial, it is urged by the respondent that the record does not show what motion was in fact made, nor upon what grounds the motion was predicated; that though a notice of intention to move for a new trial was filed, and a bill of exceptions settled containing such notice and specifications as to insufficiency of the evidence to support certain findings, the only record as to what motion was in fact made is contained in the clerk's entry in these words :—

"(Title of Court and Cause.)    October 7, 1904.   Motion for new trial ordered denied.

                 "W. J. Kennedy, D. C. C."

However, as we think the action of the lower court must be sustained on the merits, we do not think it necessary to pass on the technical point thus raised.

At the time of the application for guardianship the boy Vincent was aged three years, and the girl Eleanor was aged eight years. The mother of the children died when the boy was four months old, and the father died October 7, 1903, five days before the filing of the petition by appellant. The estate of the children consists of an insurance on the life of their father in the sum of three thousand dollars, payable in equal shares to the children. Appellant, Flora Dellow, is an aunt of the children and their only relative in this state, while respondent is in no way related to the children, but had had the care and custody of the girl for some time before the death of the father, and immediately upon his death took the custody of the boy from another stranger, and had the custody of both at the time of filing the petition.

The court heard the two petitions together, and made findings of fact, and denied the petition of appellant and granted that of respondent. Appellant moved for a new trial, and we are now considering her appeal from the order denying such motion. The bill of exceptions contains a stipulation that it contains all the testimony admitted in the case.

Among other things, the court found "That it is for the best interests of said minors that said Rose A. Shields should be appointed guardian of their persons and estates."

The parents both being dead, this, under our statute, was the paramount issue to be determined by the trial court. Section 246 of the Civil Code provides: "In awarding the custody of a minor, or in appointing a general guardian, the court or officer is to be guided by the following considerations: 1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare." If the finding above quoted is supported by the evidence, it is of no consequence whether the finding also made by the court, "That said J. A. Dellow (father of the children) requested that said Rose A. Shields should have the care and custody of said minors, and should act as their guardian," is supported by the evidence or not.

In the matter of the *Guardianship of Lewis,* 137 Cal. 682, [70 Pac. 926], the court said: "The question as to which one of these two parties was the proper party to be appointed guardian over the person of this child was essentially a question of fact for the trial court, and that court having decided it, and there being substantial evidence to support that decision, this court will not interfere by setting aside the order for lack of evidence." In the case just referred to the prevailing party was the *grandmother* and the appellant was the *father.*

The evidence in the case now before us shows both petitioners to be worthy people. Appellant was obliged to work to support herself. She believed that her brothers and sisters in England would assist her to support the children. She came here from England at the request of her brother, the father of the children, and cared for them until, because of his drinking habit, she left his home.

Respondent is the godmother of one of the children; and upon appellant leaving the home of the father of the children, she, at his request, took the girl, and promised to take the boy when he became older. She is a dressmaker, and also takes lodgers, and has resided in the same block for eleven years. She testified that she was financially able to take care of the children, and that she could and would maintain them without using any of the money which may come to them from the insurance on the life of their father.

She is of the same religious faith as was the mother of the children, is the godmother of one, as before stated, and her sister of the other child.

Both petitioners were before the judge of the trial court, and their manner and appearance were open to his observation.

Under these conditions we cannot say that the finding under consideration is not sustained by the evidence. And as it is the controlling factor in the case the order appealed from as well as the judgment must be affirmed.

It is so ordered.

Cooper, J., and Harrison, P. J., concurred.