[L. A. No. 8683. In Bank.—July 2, 1926.]

In the Matter of the Estate of EMILE BAUER, Deceased. HAMILTON A. BAUER et al., Appellants, v. LILY M. BAUER et al., Respondents.

**[1]** Estates of Deceased Persons — Examination of Representatives—Petitions for Removal — Issues—Evidence — Order—Appeal.—Where a probate court, upon objection being made by the representatives of the estate, shows some indisposition to hear together two separate petitions filed at different times for the examination of the representatives as to properties not accounted for and for their removal as such representatives, but nevertheless apparently proceeds to do so and after an exhaustive examination of the matters in dispute as presented by both petitions, in which counsel for both sets of petitioners fully participate, proceeds to submit both matters for decision and thereafter in its order undertakes to decide all the questions in controversy as presented by both petitions, if its order in that respect is inadvertently made it is the duty of the petitioners to direct the attention of the trial court to its inadvertence in that regard and to have said order corrected, and where they do not do so they will not be heard on appeal for the first time to assert such claim of inadvertence.

[2] ID.—EVIDENCE—JUDGMENT—APPEAL.—Where the record on appeal
    from said order does not show sufficient evidence to justify the
    granting of either or both of said petitions, the order of the
    trial court dismissing the citation and restraining order thereto-
    fore issued and denying the petition for the removal of the repre-
    sentatives of the estate will be affirmed.

(1) 23 C. J., p. 1122, n. 23.    (2) 23 C. J., p. 1124, n. 54.

APPEAL from an order of the Superior Court of Los
Angeles County dismissing a citation and restraining order
and denying petitions for the removal of the representatives
of an estate. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hamilton A. Bauer and C. Franklin Baxter for Appel-
lants.

J. W. Morin and Morin, Newell & Brown for Respondents.

LENNON, J.—This appeal is by Hamilton A. Bauer and
certain other heirs of the estate of Emile Bauer, deceased,
and is from certain orders of the probate court made in
the course of the administration of the estate of said de-
ceased. The proceedings in which these several orders were
made had their inception in the presentation of a petition
to said court by Hamilton A. Bauer, a son and heir of said
deceased and a legatee and devisee under the latter's last
will, wherein said petitioner sought to have a citation issued
and served upon Lily M. Bauer and Lloyd C. Bauer, execu-
trix and executor, respectively, of the decedent's last will,
requiring them and each of them in their said official ca-
pacities to appear and be examined with relation to certain
properties of said estate described in said petition which,
it was alleged, the said executrix and executor had failed to
account for or include in their inventory of said estate, but,
on the contrary, had appropriated to their and each of
their own use. The petitioner also applied for an order
suspending said executrix and executor from their respec-
tive offices as such until such time as they should be ex-
amined as to said properties and should make an accounting

thereof. Upon the filing of said petition a citation was issued in accordance with the prayer thereof returnable at a date fixed therein.

Prior to the return day of said petition of Hamilton A. Bauer certain other of the heirs and legatees of said Emile Bauer, deceased, presented a further petition to said probate court setting forth substantially the same facts 'as were averred in the former petition and alleging the same misappropriations of the properties described therein by the said Lily M. Bauer and Lloyd C. Bauer and alleging that the latter, in their respective official capacities, have made and are making no effort to recover for the benefit of said estate any portion of said properties which they have individually appropriated to themselves, and further alleging that the said executrix and executor of said estate are proposing to sell certain of the remaining properties of said estate, which have been specifically bequeathed to the petitioners, for the purpose of paying certain debts of said estate and which sale, if so permitted to be made, will have the effect of depriving · the petitioners of their interest therein as such specific legatees. The petitioners prayed that a day be set for a hearing of their said petition, that the sale of said properties of said estate be enjoined and that the executors be removed from their office as such. These petitioners are represented by Hamilton A. Bauer and by C. F. Baxter as their attorneys.

To the aforesaid petition of Hamilton A. Bauer an answer was presented by Lily M. Bauer and Lloyd C. Bauer wherein all of the averments of the petition were specifically denied and wherein particularly the respondents denied that said Emile Bauer at the time of his death was the owner of any of the properties set forth in the aforesaid petition of Hamilton A. Bauer and denying that any property whatever that Emile Bauer owned at the time of his death had been concealed or misappropriated or excluded from the inventory of his estate. Wherefore the respondents prayed that the citation issued upon the filing of the said petition be dismissed and the petition denied.

Upon the return day fixed for the hearing of the aforesaid petition of Hamilton A. Bauer the parties and respondents to both petitions, with their counsel, were in court. Whereupon Hamilton A. Bauer requested that both

his own petition and the petition of the other heirs and
legatees of said estate, whom he and Mr. Baxter represented,
should be heard and determined together. In response to
said request the attorney representing respondents objected
upon the ground that no citation had been issued or served
upon the respondents on account of the second petition and
that they had not answered and were not in court in respect
to that matter. The court stated that he would not hear
the latter petition at that time but would determine the two
matters, one at a time. The court then proceeded to take
testimony apparently upon the issues raised by the first
of said petitions and the answer thereto and the matter
proceeded through several days of hearing wherein ap-
parently all of the matters of dispute presented by both
petitions were fully gone into, counsel for both sets of peti-
tions appearing and taking part in the controversy and
Mr. Baxter, particularly, who represented the second set of
petitioners, taking a leading part in the examination of
the respondents in both proceedings. The record seems to
disclose that the whole subject in controversy was gone into
by the trial court without any further question being raised
as to the matters presented in the second petition being not
in issue. So far as the record discloses the matters set
forth in the petition of the second set of petitioners and
which were substantially the same as those averred by
Hamilton A. Bauer in the first petition were fully exploited
in said hearing and were fully argued by respective coun-
sel. At the conclusion of the taking of the testimony and
at the close of the argument the court made the brief order,
"Argued and submitted." Whereupon the clerk inquired,,
"Both matters submitted?" to which the court replied,
"Yes, both matters." Thereafter, on April 30, 1924, the
trial court made and entered the order or orders which
are appealed from herein wherein it was recited that both
petitions had come on for hearing regularly before the
court on the nineteenth day of March, 1924, all of the
parties thereto being present in court and represented by
counsel, and that testimony, both oral and documentary,
had been then offered on behalf of both sets of petitioners
and of the respondents and that thereafter both matters
had been argued and submitted to the court for its deci-
sion. Whereupon the court proceeded to decide that the

citation and restraining order theretofore issued should be and they were thereby dismissed and that the petition for the removal of the executors should be and the same was thereby denied.

No objection was made at the time of the filing thereof to the form of the said order, but this appeal was taken therefrom and from the whole thereof in due course by both sets of petitioners.

[1] It was for the first time urged in the briefs of appellants' counsel, presented in the course of said appeal, that the trial court had never in fact heard the petition for the removal of said executors presented by the second set of petitioners and that its order denying the prayer of said petition for the removal of said executors had, therefore, been inadvertently made and that its said order made in that behalf should be reversed for that reason.

This contention on the part of appellants is without merit.

Conceding that the record discloses some indisposition on the part of the trial court to hear said petitions together, nevertheless, apparently, it proceeded to do so and after an exhaustive examination of the matters in dispute as presented by both petitions in which counsel for both sets of petitioners had fully participated, proceeded to submit both matters for decision and thereafter and in its order undertook to decide all of the questions in controversy as presented by both petitions. If its order in that respect was inadvertently made it was the duty of the appellants herein to have directed the attention of the trial court to its inadvertence in that regard and to have said order corrected. But this they did not do, apparently considering that the whole subject had been presented in the evidence and argument before the trial court and had been submitted to it for decision.

[2] The next contention which the appellants make upon this appeal is that the evidence which was presented at said hearing before the trial court was sufficient to have justified the making of an order compelling an accounting by the executor and executrix as to the properties which it was alleged in said petition they had appropriated to their own use and benefit and was also sufficient to have justified the removal of the said executor and executrix

for their failure and refusal to make such an accounting. No question is apparently raised upon this appeal as to the jurisdiction of the trial court to hear and determine disputed questions of title with relation to these several properties and the right of Lily M. Bauer and Lloyd C. Bauer as individuals receiving the possession and apparent title to the same prior to the death of the decedent to hold said properties in their individual right. The principal question presented upon the appeal is as to the sufficiency of the evidence to justify the order of the trial court refusing the relief prayed for in each and both of said petitions.

Upon that question there would seem to have been sufficient evidence to sustain the order of the trial court, or, perhaps it might better be said, an insufficient amount of evidence to justify the granting of either or both of said petitions.

It follows that in this case the order of the trial court should be and it is hereby affirmed.

Richards, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.