[S. F. No. 13357. In Bank.—September 24, 1929.]

HAMILTON A. BAUER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Hamilton A. Bauer and Crail, Shutt, Penprase & Miller for Petitioners.

Morin, Newell & Brown for Respondents.

SEAWELL, J.—Petitioners herein invoke the power of the writ of mandate as the most recent of the several forms of attack made by them during several years last past against the executrix (who will hereafter be referred to as executors) of the estate of Emile Bauer, deceased. (*Estate of Bauer*, 199 Cal. 98 [248 Pac. 507]; *Bauer* v. *Bauer*, 201 Cal. 267 [256 Pac. 820]; *Bauer* v. *Bauer*, 201 Cal. 770 [256 Pac. 822]; *Bauer* v. *Bauer*, 201 Cal. 771 [256 Pac. 822].) Other proceedings taken are not included in the above list.

The representatives of said estate, Lily M. Bauer and Lloyd C. Bauer, are, respectively, the stepmother and half-brother of petitioner Hamilton A. Bauer. Petitioner Hambla C. Bauer, a minor, is the daughter of said Hamilton A. Bauer. It has been the insistent claim of petitioner Hamilton A. Bauer since the death of his father, Emile Bauer, that certain stocks, issues of the Union Oil Company of California, Central Oil Company of California and Occidental Life Insurance Company, formerly owned by him,

but transferred by him to his said wife and son Lloyd prior to his death, were procured by them by imposition, fraud and undue influence practiced by his wife and son Lloyd at a time when the said Emile Bauer was weak and feeble from disease and age. The same claim was made by Hamilton A. Bauer as to the deed of the residence property which Emile Bauer executed to his wife and which deed remained a matter of public record for a year and eight months prior to the death of said Emile Bauer. The final chapter of this branch of the controversy is written in *Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820], an action at law wherein it was held that the probate court was the proper forum for the litigation of the issue of ownership of property as between the executor and the estate. It is there held that the probate court has jurisdiction to determine as against an executor the amount of money or property of the estate that has come into his hands for the purpose of charging him therewith, and in determining that question to *determine all issues necessarily included therein.*

On June 13, 1927, Lily M. Bauer and Lloyd C. Bauer, as executors of the estate of Emile Bauer, deceased, filed in the Superior Court of the County of Los Angeles, sitting in probate, their final account, report and petition for distribution and also petitioned for extra compensation for extraordinary services rendered by said executors and their counsel in the administration of said estate. On June 29, 1927, Hamilton A. Bauer, who is a son of the decedent and a legatee under his will and a practicing attorney, filed a pleading which he denominated "Exceptions to final account," in which he objected to and contested the legality of a long list of items therein presented for allowance and alleged that said executors had fraudulently obtained from decedent prior to his death certain moneys and property and had failed and refused to account for the same and prayed that they be charged with the value of said omitted property and moneys, approximately $61,000.

On October 21, 1927, Hambla C. Bauer filed a paper similarly entitled and identical in all respects with the one filed by her father in opposition to the settlement of said account. The executors, in due time, demurred to said exceptions to said account on general and special grounds and moved to strike out specified portions upon the ground

that the matters and things therein referred to and the contentions therein made had been fully and finally adjudicated in other proceedings in which the court had complete jurisdiction of the subject matter.

A few days prior to the filing of said exceptions and objections to the account and petition for distribution, in which said Hamilton A. Bauer alleged that said executors had by connivance committed a fraud upon said Emile Bauer and thereby obtained from him moneys and property of the value of approximately $60,000 which they fraudulently withheld from said estate, said Hamilton A. Bauer filed a petition asking for the removal of said executors on the ground that they had wilfully and fraudulently refused to return or account for the same property described in said exceptions and objections, and which property was also the same property described in a former proceeding (*Estate of Bauer*, 199 Cal. 98 [248 Pac. 507]), brought by him and other heirs to remove said executors and to compel them to account for said property. This proceeding was pending at the time said Hamilton A. Bauer filed said exceptions which were subsequently incorporated by said Hambla C. Bauer in her petition. The executors demurred to said petition praying for their removal and for an order compelling them to return said property and moneys as properties of the estate, setting forth several grounds of demurrer, one of which was that the issue raised as to the ownership of said property had been theretofore fully determined. They also gave notice that they would move to strike from the files said petition to remove said executors for the reason that the sole contention of Hamilton A. Bauer asking for the removal of said executors was based upon the assumption of ownership by the estate of said described property and that question had been fully and exhaustively contested in said former proceeding and was *res judicata*.

Decisions of the motion to strike out and the various demurrers were, by consent of all parties, deferred until the court should have an opportunity to examine all the papers and records used and evidence introduced in all of the several prior proceedings taken in the matter of the estate of Emile Bauer, deceased, with the view of determining whether the issue as to the ownership of the omitted property claimed by petitioners to be the property of said estate had

been adjudicated in said proceedings. The court, upon an exhaustive examination and consideration of the pleadings, records, files and evidence taken in all the proceedings, past and present, in the matter of the estate of Emile Bauer, found that as to the issue whether said properties described in the motion to remove said executors, and again described in the exceptions to said final account, belonged to said estate, had been thoroughly tried, after issue joined, in said former proceedings, and found by the court to be properties not belonging to said estate. The record of the former proceedings not being made a part of the record in the instant proceedings, it will be presumed that said records support the court's conclusion. The motion to dismiss the petition asking for the removal of said executors was accordingly granted. The exceptions made to the final account as to the executors' fraudulent acquisition of said properties, which were stricken out on motion of the executors, presented the same issue that was presented by said petition to remove said executors and were properly stricken from the pleadings.

The issue raised by petitioners as to the estate's ownership of said properties had been fully and thoroughly settled in other proceedings, was pressed by demurrer, by motion to strike out, by motion to dismiss and pleaded in the answer. The question of the estate's ownership of the identical properties was directly and actually put in issue by Hamilton A. Bauer and the other heirs at law in said former suit or proceeding (*Estate of Bauer*, 199 Cal. 98 [248 Pac. 507]), and was also presented in other forms in other proceedings and was there judicially passed upon and determined by a probate court vested with jurisdiction to decide said issue and the judgment therein rendered was affirmed upon appeal to this court and has become final. The facts have not since changed. Not only could the issue presented by the petition have been litigated in the former action, but it was actually litigated and determined therein. That petitioners are concluded by that proceeding cannot be questioned. (*Price et al.* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 Pac. 387], and cases cited and reviewed therein.)

The question whether the petitioners are concluded by the settlement of current accounts, to which they had objected,

from again bringing before the court upon final settlement the matters which were by said current accounts settled or by necessary implication included in said settlements (*Estate of Stott,* 52 Cal. 403; *Estate of Grant,* 131 Cal. 426 [63 Pac. 731]), is of no further importance in view of what we have already said as to the application of the rule *res judicata* to the case.

We have given consideration to the questions presented by petitioners for a writ of mandate not because we were required to do so under the rules of appellate procedure, but only for the reason that the same points are raised in *Estate of Bauer* (L. A. No. 11405), *post,* p. 199 [281 Pac. 63], now before us and which was an appeal from the final decree settling the final account and ordering distribution, and also from the order granting the motion of the executors to strike out and dismiss certain portions of the exceptions to the account.

The petitioners were not entitled to the issuance of an alternative writ of mandate upon any conceivable grounds. The trial judge at no time refused to perform any act which the law specially enjoined upon him, or a duty resulting from his office, trust or station. (Sec. 1085, Code Civ. Proc.) Petitioners were dissatisfied with his rulings and decisions on questions of law and fact which at most, if wrong, and we think they are correct, constituted mere error. That petitioners had a plain, speedy and adequate remedy in the ordinary course of law is demonstrated by the fact that they have brought the same questions before us upon appeal which are this day disposed of by decision upon appeal. If petitioners are entitled to invoke the extraordinary remedy of the writ of mandate in the showing made, then we see no reason why the writ should not be available in all cases where a court is charged with committing error in the most ordinary and commonplace ruling. Clearly such is not the office of the writ.

The petition is dismissed and the writ discharged.

Shenk, J., Preston, J., Waste, C. J., Richards, J., Langdon, J., and Curtis, J., concurred.