[L. A. No. 13059.  In Bank.—September 23, 1932.]

In the Matter of the Estate of ROSE PENDELL, Deceased.

Davis & Thorne and Phil Jacobsen for Appellant.

Wm. Ellis Lady for Respondent.

WASTE, C. J.—This is an appeal from an order denying a petition for the removal of executors.

Appellant, the son of the decedent, filed a petition asking the removal of the executors and the appointment of an administrator with the will annexed. As a basis for such request appellant alleged, among other things, that the executors failed to file a proper inventory of the decedent's properties; that certain properties were omitted from such inventory; that taxes on some of the properties had not been paid; that there was a failure to rent certain properties; that the executors neglected to recover certain jewelry taken by a third person after the decedent's death; that a certain claim against the estate was paid by the executors without the necessary preliminary investigation to determine its propriety; that there was dissension between the executors; and that the attorney for the executors, to their knowledge, was acting adversely to the best interests of the estate in certain designated particulars.

The executors filed an answer to the petition. Upon the issues joined, the court received evidence and thereafter made the order denying the relief prayed for, from which order this appeal is taken.

At no time did the court below make and sign written findings of fact upon the issues presented. Appellant assigns this as error.

Sections 632 and 633 of the Code of Civil Procedure require that "Upon the trial of a question of fact by the court, its decision must be given in writing", that in such decision "the facts found and the conclusions of law must be separately stated", and that judgment "upon the decision must be entered acordingly". At the time of the hearing upon the petition for removal of executors and at the time of entry of the order here appealed from, sections 1716 and 1717 of the Code of Civil Procedure (now section 1230 of the Probate Code) made the above-quoted sections providing for written findings, applicable to the determination of issues of fact in probate proceedings.

In the *Estate of Ingram*, 99 Cal. App. 660 [279 Pac. 208], which presented an appeal from an order sustaining an opposition to the appointment of an administrator, it is declared that "Sections 1716 and 1717 of the Code of Civil Procedure by reference make sections 632 and 633 of the same code applicable to the trial and determination of issues of fact in probate proceedings as in ordinary civil actions.

These latter sections render it necessary for the court to make its decision in writing, i. e., to sign findings. It has been said by this court that 'the right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the Constitution. "The right to have a material issue presented by the pleadings in a cause determined by a finding of the court is one important to the parties to a suit, and the failure to make such a finding results in prejudicial error entitling the complaining suitor to reversal." (*Huntington* v. *Vavra*, 36 Cal. App. 355 [172 Pac. 168]. See, also, *Tucker* v. *United Railroads*, 171 Cal. 704 [154 Pac. 835].)' (*Frascona* v. *Los Angeles Ry. Corp.*, 48 Cal. App. 135 [191 Pac. 968].)"

In the *Estate of Burton*, 63 Cal. 36, 37, the probate court, upon opposition being offered thereto, declined to set apart a probate homestead. No findings were there made. Upon appeal this court said: "We think the petitioner was entitled to findings. The rules of pleading and practice in civil cases are applicable to proceedings in the Probate Courts. Issues joined in such proceedings are to be tried and determined by that court as in civil cases (secs. 632, 633, 634, 1312, 1713, Code Civ. Proc.); and upon trial by the court, without a jury, parties to the proceedings were entitled to findings, unless they were waived. (Sec. 634, *supra; Haffenegger* v. *Bruce*, 54 Cal. 416.) As findings were not waived, it was error to enter judgment without them."

It thus appears that the court below erred to the prejudice of the appellant when it failed to make and sign findings upon the issues of fact presented to it for adjudication. There had been no waiver of findings within the meaning of section 634 of the Code of Civil Procedure. Examination of the reporter's transcript discloses that appellant by his motion for new trial directed the attention of the court below to the code sections, *supra*, necessitating findings of fact in probate proceedings. Appellant is not, therefore, precluded from now urging the point.

Respondents can derive but little comfort from the *Estate of Bauer*, 199 Cal. 98 [248 Pac. 507]. The point as to the necessity of findings in probate proceedings was neither presented nor considered in that case. It cannot therefore be cited as an authority on the proposition.

Respondents suggest that if written findings be required, this court may make such findings under section 956a of the Code of Civil Procedure. That section authorizes the appellate courts of the state to make "findings of fact contrary to, or in addition to, those made by the trial court". We are not now inclined to extend the scope of the quoted code section to include a case in which the trial court erroneously fails to make *any* findings. The express language of the section tends to negative such inclusion.

The order appealed from is therefore reversed.

Shenk, J., Curtis, J., Tyler, J., *pro tem.*, and Langdon, J., concurred.

PRESTON, J., Concurring.—I concur in the judgment but I expressly withhold my approval of the construction placed upon section 956a of the Code of Civil Procedure.

If we should suppose a case where the evidence was without conflict in support of the order made, we would, under the construction of this section by the majority opinion, be compelled to reverse and remand the cause.

This would be in plain antagonism of the spirit of the said section which is by its own terms to be "liberally construed to the end, among others, that wherever possible causes may be finally disposed of by a single appeal and without further proceedings in the trial court, except where the interest of justice requires a new trial".