[Civ. No. 4905. Third Appellate District.—March 19, 1934.]

In the Matter of the Guardianship of the Person and Estate of MAE PAULINE POMIN, a Minor, GUY V. HYLAND, Respondent, v. CHILDREN'S HOME SOCIETY OF CALIFORNIA (a Charitable Corporation), Appellant.

Clarence DeLancey for Appellant.

Elliott, Atkinson & Sitton and W. A. Latta for Respondent.

THOMPSON, J.—This is an appeal from an order of the Superior Court of Sacramento County appointing Guy V. Hyland guardian of the person and estate of Mae Pauline Pomin, a minor.

The minor was born May 30, 1920, out of wedlock. Her mother, Anna Bahnsen, surrendered the custody of the child to her mother, Nicolena Bahnsen, immediately after the birth of the child, who then promptly delivered the child to the Children's Home Society of California for the purpose of procuring a suitable home for her. This home-finding society immediately placed the child in the home of Mr. and Mrs. Elwood Pomin, with the expectation that they would formally adopt the child. The child lived in their home for nearly ten years. She was never adopted by them. After placing the child in the custody of Mr. and Mrs. Elwood Pomin, for the purpose of adoption, the Children's Home Society of California took no further steps to procure the consummation of the adoption. Several years later Mrs. Elwood Pomin died. The child continued to remain in the home of Mr. Elwood Pomin until his death, which occurred in May, 1930. Upon petition therefor the Superior Court of Sacramento County appointed J. E. Pomin, a brother of Elwood Pomin, deceased, as guardian of the person and estate of the minor child. September 30, 1930, upon application therefor, the letters of guardianship which had been previously issued to J. E. Pomin were revoked. No appeal was taken from that judgment and it became final.

On June 30, 1930, this respondent, Guy V. Hyland, filed his petition in the Superior Court of Sacramento County, praying to be appointed guardian of the person and estate of the minor. Notice of the hearing of this petition was duly served on the Children's Home Society of California, which appeared and filed an answer thereto, opposing the appointment of the petitioner as guardian of the minor, and

praying that in the event the court deemed it necessary to appoint a guardian of the minor, that the society be appointed as such guardian. The answer of this appellant alleges that the petitioner, Guy V. Hyland, is not a fit or proper person to assume the custody or become the guardian of the minor, and, upon the contrary, alleges that it will be for the best interest of the minor that the Children's Home Society of California be given the custody and guardianship of her person and estate. On September 20, 1930, for the first time, the Children's Home Society of California procured from Anna Bahnsen, the mother of the minor, a relinquishment of her maternal control of the child, which was duly filed with the Department of Social Welfare of the State of California, as required by law. The petition for letters of guardianship was heard on October 4, 1930. Oral and documentary evidence was adduced. It appears that the petitioner, Guy V. Hyland, is married, and maintains a comfortable home at Sacramento; that Mr. and Mrs. Hyland had known the minor for many years while she lived in the Pomin home; that at the time of the death of Mrs. Pomin, Mrs. Hyland was requested by her to care for the minor child, which she promised to do; that upon the death of Elwood Pomin, the petitioner and his wife without opposition immediately took the child with them and maintained and cared for her in their home as their own child; that the child has no estate or property. Mae was called to the witness-stand and testified that she had been well and kindly treated by the petitioner and his wife, and that she was happy and contented there and wished to remain with them.

The court thereupon adopted findings to the effect that the petitioner, Guy V. Hyland, is a fit and proper person; that he is able to maintain and care for the minor; that the home of Mr. and Mrs. Hyland is a fit and proper place for her to abide; and that it is for the best interest and welfare of the minor that he be appointed her guardian. Thereupon the opposition of the Children's Home Society of California to the petition of Hyland was overruled, the petition of the society to be appointed guardian was denied, and Guy V. Hyland was appointed guardian of the person and estate of Mae Pauline Pomin, upon giving a bond in the sum of $200. From this order the Children's Home Society of California has appealed.

■ It is contended the court abused its discretion in denying appellant's petition for letters of guardianship, and in appointing Guy V. Hyland as guardian of the person and estate of the minor child.

The evidence abundantly supports the findings of court that the petitioner, Guy V. Hyland, is a fit, proper and competent person to act as such guardian, and that the moral and general welfare of the minor, Mae Pauline Pomin, will be best subserved by his appointment as guardian of her person and estate. It sufficiently appears that for nearly fourteen years Anna Bahnsen, the mother of the child, has neglected and abandoned her child, contributing nothing to her maintenance or support; that the Children's Home Society of California took no active interest in procuring her adoption by the parties to whom she was entrusted; that within about two months of the present time the minor will have attained the age of fourteen years, when she will be entitled to select her own guardian. ■ It is a well-established rule regarding the selection of a guardian for a minor child, as between those who do not sustain the relationship of parents, that the court should give paramount preference to what appears to be for the best welfare and interest of the child. (Sec. 1406, Probate Code.) When a minor arrives at the age of fourteen years, he may nominate his own guardian, subject only to the approval of the court. Section 1406 of the Probate Code provides in that regard: "In appointing a general guardian of a minor, the court is to be guided by what appears to be for the best interest of the child in respect to its temporal and mental and moral welfare; and if the child is of sufficient age to form an intelligent preference, the court may consider that preference in determining the question. If the child reside in this state and is over fourteen years of age, he may nominate his own guardian, either of his own accord or within ten days after being duly cited by the court; and such nominee must be appointed if approved by the court. When a guardian has been appointed for a minor under fourteen years of age, the minor, at any time after he attains that age, may nominate his own guardian, subject to the approval of the court.''

No abuse of discretion on the part of the court appears in the appointment of Guy V. Hyland as guardian of the person and estate of Mae Pauline Pomin, a minor child.

Moreover, in the present case, we are of the opinion the appellant, Children's Home Society of California, as a corporation, is not qualified to act as the guardian of the person and estate of a minor child. Its articles of incorporation merely authorize it to look after the welfare of homeless and neglected children by finding appropriate homes for them in suitable families into which they may or may not be adopted. Section two of its articles of incorporation provides in that regard: "The purposes for which it is formed are and shall be to seek out homeless and grossly neglected children, to place the same in good homes, with adoption or otherwise, and to maintain, until such children reach their majority, an inspection over them and their surroundings; and to assist young women in fitting themselves for the requirements of life; and to conduct such work in harmony and cooperation with the National Children's Home Society; and for these ends to acquire, by purchase, donation, gift, devise, and bequest, real and personal property as the law may permit."

The court, therefore, properly denied the petition of the Children's Home Society of California to be appointed guardian of the person and estate of the minor.

The order is affirmed.

Plummer, J., concurred.