[No. 29347.    Department One.    July 19, 1944.]

THE STATE OF WASHINGTON, on the Relation of R. D. Van Cleave et al., Plaintiff, v. JOHN A. FRATER, as Judge of the Superior Court for King County, Respondent.[1]

*Joseph H. Griffin,* for relators.

*Raymond C. Hazen,* for respondent.

*John L. Corrigan, amicus curiae.*

BEALS, J.—Thomas Silverthorn Levin (whose true surname is said to be Lewis) was born in Seattle, September 21, 1940.  At the time of the birth of her son, the mother was confined in the Western Washington Hospital for the insane, at Steilacoom, where, so far as we are advised, she has remained.  Apparently the child was abandoned by his father, and two months after the infant's birth the King County Welfare Association placed him in the care of the

[1]Reported in 150 P. (2d) 391.

parents of Anna Van Cleave, one of the relators herein, Mrs. Van Cleave assisting in caring for the child. After the death of Mrs. Van Cleave's mother, Mrs. Van Cleave assumed entire care of the infant, for which she was compensated by King county. In the course of time, the situation of the infant was called to the attention of the juvenile department of the superior court for King county, and January 17, 1944, that court entered an order which, after reciting certain jurisdictional facts, stated the conclusion that the child "should be placed in the permanent custody of the Washington Children's Home Society for adoption." The order then concluded:

"It Is Therefore Ordered that Alfreda McMeekin Levin, mother of Thomas Silverthorn Levin (whose true name is Thomas Silverthorn Lewis), be and she is hereby permanently deprived of any and all maternal rights and interests in and to the said child; and

"It Is Further Ordered that Thomas Silverthorn Levin (whose true name is Thomas Silverthorn Lewis) be and he is hereby committed into the permanent custody of the Washington Children's Home Society for adoption."

The method by which the juvenile department of the superior court acquired jurisdiction to deprive the mother of her child's custody, if it did so acquire jurisdiction, does not appear.

R. D. and Anna Van Cleave, relators herein, who at all times have had the infant in their custody, January 31, 1944, filed in the superior court for King county their petition praying for a decree adjudging and declaring that they adopt the infant.

After certain proceedings before the superior court, with which we are not concerned, the matter came on regularly to be heard before respondent, a judge of the superior court for King county. From respondent's return filed herein, it appears that the court was advised of the order theretofore made by the juvenile department of the court, and that Washington Children's Home Society (a Washington corporation, hereinafter referred to as the society) had not filed in the proceeding then pending before respondent its

consent to the adoption of the infant by the petitioners (relators here), and that the society had refused to give its consent to such adoption.

Respondent judge then ruled that, under the facts as above stated, it was necessary that the written consent of the society to the adoption of the infant by the petitioners be filed in the superior court before petitioners would even be heard on their petition for adoption, and that respondent would not proceed to hear the petition or take any steps in connection therewith until the filing of the consent referred to. Respondent judge having refused to grant a hearing on the petition, the petitioners therein filed in this court, as relators, their application for a writ of mandate, directed to respondent judge, requiring him to hear and act upon relators' petition for the adoption of the infant. An alternative writ of mandate having been issued, respondent filed herein a return thereto, together with a demurrer to relators' petition for the writ of mandate. The matter having come on regularly for argument upon the alternative writ, the attorneys for the respective parties appeared, the matter was argued, both on respondent's demurrer and upon the facts, and the matter was submitted to this court for decision. Respondent's demurrer is not well taken and is overruled.

The question presented is simply whether or not, pursuant to the order of the juvenile court above referred to, the society must file in the adoption proceeding initiated by relators before the superior court its formal consent to the adoption of the infant in question by relators, before the superior court may proceed to hear relators' petition for adoption, and determine whether relators shall or shall not adopt the infant.

From respondent's return, it appears that the court was of the opinion that no hearing could be had upon the petition, nor could the court take any steps in connection therewith, until the society first filed its written consent to the adoption of the child by these relators.

It is true, as argued by respondent, that adoption proceedings are purely statutory, such procedure having

been unknown to the common law. The pertinent portions of the adoption statute, Rem. Supp. 1943, §§ 1699-3, 1699-4, 1699-5 (d), and 1699-8, read as follows:

"§ 1699-3. Any person not married, or any husband and wife jointly, or either spouse, when the object of adoption is the child of the other spouse, may petition the superior court of the county in which such petitioner is a resident, or of the county in which the person to be adopted resides, for leave to adopt, and to change the name, if desired, of any person."

"§ 1699-4. Written consent to such adoption must be filed prior to a hearing on such petition, as follows:

"(a) By the person to be adopted, if such person be fourteen (14) years of age or older, but the filing of such consent shall not obviate the necessity of securing any other consent herein required;

"(b) If the person to be adopted be of legitimate birth or legitimized thereafter, and a minor, then by each of his living parents, except as hereinafter provided;

"(c) If the person to be adopted be illegitimate and a minor, then by his mother, if living, except as hereinafter provided;

"(d) If a legal guardian has been appointed for the person of said child, then by such guardian."

"§ 1699-5. No consent for the adoption of a minor shall be required as follows: . . .

"(d) From a parent who, more than one (1) year prior to the filing of a petition hereunder, has been adjudged to be insane and who has not thereafter been found sane by competent authority authorized by law so to do."

"§ 1699-8. Said petition shall be accompanied by such written consent as may be required and available, or by a certified copy of whatever records are alleged to show no necessity of consent. If no consent is available, and such petition alleges facts which if true would obviate the necessity of such consent as provided in section 4 hereof [§ 1699-5], then the court may proceed as provided in section 5 hereof [§ 1699-6]."

Apparently in this case there is some dispute as to whether or not the child in question is legitimate. With this matter we are not here concerned, as prior to any hearing which

is held upon relators' petition, proper notice to all persons entitled to such a notice must be given according to law.

■ From the statutes above quoted, it is clear that, if consent to the adoption must be procured prior to a hearing on the petition, such a consent is requisite only if the society has been appointed legal guardian of the infant, pursuant to Rem. Rev. Stat., § 1565 [P. C. § 9897].

Rem. Rev. Stat., § 1987-9 [P. C. § 601], reads in part as follows:

"In any case where the court shall award a child to the care of any association or individual, the child shall, unless otherwise ordered, become a ward and be subject to the guardianship of the association or individual to whose care it is committed; such association shall have authority, with the assent of the court, to place such child in a family home, either temporarily or for adoption."

Manifestly, § 1699-4 (d), *supra,* refers to a legal guardian, and, in the case at bar, it nowhere appears that the society was appointed guardian of the infant. The child was "placed in the permanent custody of the Washington Children's Home Society for adoption," twice repeated in the order. The word guardian is not used. The society was constituted the child's custodian, but only for purposes of adoption. The appointment of a statutory guardian is a very different matter.

Section 1987-9, *supra,* provides that, when a child is awarded to such an association as the society, the child shall, *unless otherwise ordered,* become a ward and be subject to the guardianship of the association. In the case at bar, the juvenile court limited the effect of its order to "permanent custody . . . for adoption." Even without this limitation, the order did not even purport to appoint the society legal guardian for the child.

The association or individual referred to in the statute last above cited, and above quoted, to which a child is awarded, does not become the legal guardian of such child; it becomes a custodian merely, under order of the court. The statute contemplates that the underlying purpose of the award is to place the child "in a family home, either temporarily or

for adoption." This is a very different thing from the appointment of a legal guardian of the person of a minor, pursuant to Rem. Rev. Stat., § 1565, above cited.

The consent of the society was not a prerequisite to the granting of a hearing to relators on their petition for adoption. The trial court erred in refusing to grant relators such a hearing.

Respondent's counsel stresses the importance of a full investigation and most careful consideration in adoption matters. Indeed, the importance of such procedure cannot well be overestimated. The court, however, is the ultimate protector of helpless children. Welfare agencies are aids of the court, not its masters. The statutes above cited provide for a full investigation. The contention that persons lawfully entitled to invoke the jurisdiction of the court pursuant to statutory authority may be barred from even presenting their petition to the court, by the refusal of some agency or corporation, such as the society, which, however beneficent in its operation, is merely a private person, is surprising doctrine. The society and many other similar organizations concerning themselves with child welfare problems will, of course, give the court the full benefit of their investigation and experience in adoption proceedings. No court is required to, nor should it, pass upon an application for adoption without most careful investigation of the facts.

No such agency can, however, in effect, deprive the superior court of jurisdiction to hear a petition for adoption, by filing or refusing to "consent" to the entry of the desired decree of adoption. It is true that the statute states that any legal guardian of the child should file his consent to the desired decree, but a legal guardian is an officer of the court (either of the particular superior court before which the adoption proceeding is brought, or a superior court of some other county of this state), and as such must, pursuant to the statute above cited, have notice of the filing of any application for the adoption of his ward.

While the following section of the statute is not involved in this proceeding, it is appropriate to call attention to the same. Rem. Supp. 1943, § 1699-9, reads in part as follows:

"The Court shall direct notice of any hearing hereunder to be given to any nonconsenting parent or guardian, if any, or any person or association having the care, custody or control of said child."

The portion of the section quoted seems incompatible with the theory that, by failing to file a written consent to the adoption, a guardian may prevent the court from proceeding to a hearing on the petition. The consent of the guardian referred to in § 1699-4, *supra,* is not limited to instances where the minor is under fourteen years of age, as shown by the language of § 1699-4 (a), *supra.* It was the manifest intent of the section last quoted that the court should proceed to hear these petitions, whether or not the consent of the guardian be first filed. If the refusal of the guardian to consent to the adoption ends the matter, then § 1699-9 answers no purpose.

While nowise necessary to the decision of this case, and without deciding whether this court may or may not take judicial notice of the powers assumed by a Washington corporation, as set forth in its articles of incorporation on file in the office of the secretary of state, it may be observed that examination of the articles of incorporation of Washington Children's Home Society, as the same are of record in the office of the secretary of state, discloses that the right to act as legal guardian of a minor is not included among the society's enumerated powers.

Concerning a similar situation in the *Matter of the Guardianship of Pomin,* 137 Cal. App. 432, 30 P. (2d) 624, the court said:

"Moreover, in the present case, we are of the opinion the appellant, Children's Home Society of California, as a corporation, is not qualified to act as the guardian of the person and estate of a minor child. Its articles of incorporation merely authorize it to look after the welfare of homeless and neglected children by finding appropriate homes for them in suitable families into which they may or may not be adopted. Section two of its articles of incorporation provides in that regard: 'The purposes for which it is formed are and shall be to seek out homeless and grossly neglected children, to place the same in good homes, with adoption or otherwise, and to maintain, until such children reach their

majority, an inspection over them and their surroundings; and to assist young women in fitting themselves for the requirements of life; and to conduct such work in harmony and cooperation with the National Children's Home Society; and for these ends to acquire, by purchase, donation, gift, devise, and bequest, real and personal property as the law may permit.'

"The court, therefore, properly denied the petition of the Children's Home Society of California to be appointed guardian of the person and estate of the minor."

The superior court should have proceeded to hear the petition for adoption in accordance with the statute.

The writ will issue.

JEFFERS, STEINERT, BLAKE, and ROBINSON, JJ., concur.

September 8, 1944. Petition for rehearing denied.