[Civ. No. 16639. Second Dist., Div. Three. Dec. 29, 1948.]

Guardianship of CHRISTINE JOYCE KILES, a Minor. FRANK CORTEZ KILES et al., Appellants, v. DALTON CARL GANN et al., Respondents.

A. H. McConnell for Appellants.

Ball, Hunt & Hart for Respondents.

WOOD, J.—Frank Cortez Kiles, the father of the minor, Christine Joyce Kiles, murdered the mother of the minor on December 2, 1945, and he is in the penitentiary serving a life sentence. A few days after the death of the mother, the maternal grandfather of the minor, Edward Soutar, placed the child, who was then 18 months old, in the home of Dalton Carl Gann and Helen Hughes Gann, husband and wife, nonrelatives of the minor, where she has been since that time. On September 10, 1947, Mr. and Mrs. Gann filed a petition for appointment as guardians of the person of the minor. On November 25, 1947, C. E. Ayres and Mildred Ayres filed a petition for appointment as guardians of the person of the minor. Mrs. Ayres is the sister of the father of the child. The father of the child filed objections to the petition of Mr. and Mrs. Gann and requested that Mr. and Mrs. Ayres be appointed.

Upon the hearing of the two petitions and the objections of the father, the court granted the petition of Mr. and Mrs. Gann, and denied the petition of Mr. and Mrs. Ayres, and overruled the objections of the father. The court found that the father is not a competent, fit and proper person to have the care and custody of the minor; and that on February 6, 1946, he was sentenced to San Quentin Penitentiary upon his plea and the finding of the court that he was guilty of the murder of the mother of the minor. The court also found that Mr. and Mrs. Gann are fit and proper persons to be appointed guardians of the person of the minor, and that "it is for the best interests of said minor child in respect to her temporal, mental and moral welfare" that Mr. and Mrs. Gann be appointed guardians of the person of the minor. Judgment was entered, pursuant to the findings, granting the petition of Mr. and Mrs. Gann, overruling the objections of the father, denying the petition of Mr. and Mrs. Ayres,

and ordering that letters of guardianship of the person of the minor be issued to Mr. and Mrs. Gann. The father and Mr. and Mrs. Ayres appeal from the judgment.

Appellants contend that the trial court abused its discretion in granting the petition of Mr. and Mrs. Gann. They argue that such appointment was an abuse of discretion for the reason that the evidence shows that respondents Mr. and Mrs. Gann are not related to the child; that Mrs. Ayres and her husband were proper persons to be guardians; that they could provide a proper home for the child; and that the paternal grandfather, who is a man of financial worth far in excess of that of Mr. and Mrs. Gann, said at the hearing that he would help take care of the child if letters of guardianship were awarded to Mrs. Ayres.

The evidence showed that Mr. and Mrs. Gann had been married 24 years; that he is 42 years of age, and had been a carpenter for 23 years; that they own a two-bedroom house in Long Beach; that his income was about $8,500 a year; that the minor had been with them since December 5, 1945, and that they had provided all the support for the child during that time. The maternal grandfather, and the brother of the child's mother, testified that the home of Mr. and Mrs. Gann was a suitable place for the child, and they requested that Mr. and Mrs. Gann be appointed guardians of the child. The evidence also showed that Mrs. Ayres, a sister of the father of the child, is 28 years of age; that her husband is 32 years of age, is a machinist and earns $44 per week; that they have been married six years, and reside in Oakland; that they live in a two-bedroom house for which they pay $25 a month rent. The evidence also showed that proceedings for the adoption of the child by Mr. and Mrs. Ayres were pending in Alameda County, and that about a month before the death of the mother of the child Mrs. Ayres had received a letter from the mother wherein she requested that Mr. and Mrs. Ayres take the child and rear her as their own if anything happened to the mother. The paternal grandfather of the minor testified that he resides at Decoto and that he owns 109 acres of farming land near that place; that in 1947 he made about $18,000 profit from his land; that his daughter, Mrs. Ayres, is a fit person to take care of the child, and that if at any time she could not support the child that he would support the child financially.

Section 1406 of the Probate Code provides that "In appointing a general guardian of a minor, the court is to be guided

by what appears to be for the best interest of the child in respect to its temporal and mental and moral welfare. . . ."

A parent is entitled to be first in the order of those appointed guardian if the parent is a fit and proper person to be appointed. (*Guardianship of Bynum,* 72 Cal.App.2d 120, 122 [164 P.2d 25].) It is clear, in the present case, that the father, who murdered the mother, was not a fit person to be appointed guardian. "It is a well-established rule regarding the selection of a guardian for a minor child, as between those who do not sustain the relationship of parents, that the court should give paramount preference to what appears to be for the best welfare and interest of the child." (*Guardianship of Pomin,* 137 Cal.App. 432, 435 [30 P.2d 624].) "By welfare is meant the child's permanent, not temporary, welfare, and the court is governed by that which, looking to the previous condition, and the future continued residence of the child, will contribute to its permanent good. The question is one of fact. . . . [Citation.] Wealth alone does not determine competency, nor does poverty alone determine incompetency." (*Guardianship of Sturges,* 30 Cal. App.2d 477, 489 [86 P.2d 905].) The question herein as to the best interest and welfare of the child was one of fact for the trial judge. He had the benefit of personal observation of the witnesses. The recommendation of the father regarding the appointment was not entitled to any consideration. There was no abuse of discretion on the part of the trial judge.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.