[Civ. No. 18551.   First Dist., Div. Two.   Jan. 25, 1960.]

Guardianship of the Person and Estate of CHERYL GAY DANIELS, a Minor.   R. E. COX et al., Appellants, v. LEE B. DANIELS et al., Respondents.

Walter D. Proper, Burnett, Burnett & Somers and John M. Burnett for Appellants.

Richard D. Comerford and Johnson, Thorne, Speed & Bamford for Respondents.

DRAPER, J.—Both sets of grandparents of this infant orphan sought appointment as guardians of her person and estate. The trial court ordered appointment of the paternal grandparents, and the maternal grandparents appeal. They assert error in the failure of the trial court to make findings of fact.

In guardianship proceedings, "practice and procedure and the making and entry of orders" is governed by division 3 of the Probate Code (Prob. Code, § 1606). In proceedings under division 3 the court, in a matter tried without jury, must "sign and file its decision in writing, as provided in civil actions" (Prob. Code, § 1230). There is no question that the failure to make findings of fact in contested proceedings under division 3 is prejudicially erroneous, just as it is in civil actions. (*Estate of Pendell*, 216 Cal. 384 [14 P.2d 506].) ██ Similarly, findings are required, under section 1606, in guardianship proceedings. (*In re Bensfeld*, 102 Cal.App. 445, 448 [283 P. 112]; 24 Cal.Jur.2d 392, Guardian & Ward, § 208.)

██ In a contest between nonparents for guardianship of the person of a minor, the paramount consideration is the best interest of the child in respect to its welfare, and the question of which appointment meets this standard is an issue of fact. (*Guardianship of Walsh*, 100 Cal.App.2d 194, 198-199 [223 P.2d 322, 22 A.L.R.2d 689]; *Guardianship of Kiles*, 89 Cal.App.2d 445, 448 [200 P.2d 886]; *Estate of Dellow*, 1 Cal.App. 529 [82 P. 558].) Thus a finding upon this issue is essential. We need not consider the claimed necessity for a finding that respondents are fit persons to be guardians, since the allegation of their petition to this effect is not denied.

██ It is not necessary that findings of fact in a probate proceeding be contained in a writing separate from the order. On the contrary, recitals in the order may be deemed findings. (*Estate of Rosland*, 76 Cal.App.2d 709, 711 [173 P.2d 830]; *Estate of Fowler*, 56 Cal.App.2d 451, 456 [132 P.2d 535].) Here, however, the order appointing respondents contains no language which can possibly be construed as referring

to the best interests of the child. The memorandum opinion of the trial judge is similarly barren, and there are no separate findings. Respondents argue that this court should make the necessary findings (Code Civ. Proc., § 956a). ▮ But where the evidence is in conflict, as is clearly the case here, an appellate court generally will not make findings. (*Treu* v. *Kirkwood,* 42 Cal.2d 602, 612-613 [268 P.2d 482].) ▮ And appellate courts are reluctant to make findings where, as here, the trial court has made no findings at all. (*Estate of Pendell, supra,* 216 Cal. 384, 387.) ▮ In the absence of any indication in the record that the best interest of the child was recognized as the controlling factor, we cannot say that a finding as to such interest is necessarily implied by the decree.

Appellants argue that errors in admission of evidence require that we direct a new trial. We do not agree. ▮ There is ample evidence, aside from that claimed to be erroneously admitted, to support a finding, if one were made, warranting appointment of respondents. In such circumstances it is presumed on appeal that the trial court, sitting without a jury, based its conclusion on the competent evidence. (*Southern Calif. Jockey Club* v. *California etc. Racing Board,* 36 Cal.2d 167, 176 [223 P.2d 1]; *Verdier* v. *Verdier,* 133 Cal.App.2d 325, 337 [284 P.2d 94].) That presumption is strengthened by the fact that here the trial court, in admitting most of the evidence objected to, indicated that it was but little concerned with the issues raised by it. Of course, if the trial court finds in favor of appellants upon the remand, they could not complain of these claimed errors.

The judgment is reversed, with directions to the trial court to make a finding upon the issue of the best interests of the child, with or without the taking of further evidence, as that court may deem appropriate.

Kaufman, P. J., and Dooling, J., concurred.