[Civ. No. 3779. First Appellate District, Division One.—June 16, 1921.]

## FRANK A. DAROUX, Respondent, v. THERESA DAROUX, Appellant.

[1] DIVORCE—EXTREME · CRUELTY—CONDONATION—EVIDENCE—FINDINGS. In this action for divorce instituted by the husband on the ground of cruelty, in which the wife interposed a plea of condonation, the evidence upon the matter of condonation having been in substantial conflict, the appellate court would not disturb the finding and judgment of the trial court in favor of the husband.

[2] ID.—CHARACTER OF PROPERTY—AWARD TO DEFENDANT—LACK OF PREJUDICE.—In such action, the defendant could not have been injuriously affected by the judgment and decree of the trial court that certain property was the community property of both spouses, and not her separate property, where the decree, although it awarded the plaintiff a divorce on the ground of the defendant's extreme cruelty, it awarded the latter all the community property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank J. Murphy and Edward A. Cunha for Appellant.

Leon Samuels and Jos. L. Taaffe for Respondent.

RICHARDS, J.—This is an appeal on the part of the defendant from a judgment in the plaintiff's favor in an action for divorce instituted by him on the ground of cruelty and in which it was also sought to have the property rights of the parties determined.

There is a preliminary motion to dismiss the appeal upon the ground that the defendant, having received and retained certain portions of the property in dispute between the parties and dealt with in the interlocutory decree, has thereby lost her right of appeal. In view of the fact, however, that the settlement of the property rights of the parties to an action for divorce is a mere incident of the main purpose of the action, and also in view of the dis-

position of the courts to hear and determine actions for divorce upon both trial and appeal upon their merits, we have concluded to deny the motion to dismiss this appeal, and to deal with the main issue presented to us.

[1] It is conceded by the appellant that upon the main issue of cruelty the evidence offered on behalf of the respective parties is "in hopeless conflict," and for that reason the appellant does not ask this court to review the findings and conclusions of the trial court in the plaintiff's favor upon that ground of divorce; but the appellant insists that the evidence in the case is undisputed in support of her plea of condonation, and that this being so, the trial court should have denied the plaintiff's prayer for divorce. We have examined the record upon this branch of the case, and we find it so reeking with vileness of thought, expression, and conduct as to render any review of the evidence it contains as unprintable as it is distasteful, and we shall therefore refrain from polluting the published pages of the decisions of this court with its recital. It will suffice to say that we find the evidence upon the matter of condonation as substantially in conflict as is the other evidence in the case, and hence will not disturb the finding of the trial court in that regard.

[2] The next series of errors alleged to have been committed by the trial court are those relating to the determination of the rights of the respective parties in various items of real and personal property involved incidentally in the proceedings for divorce. As to the so-called San Mateo property and the leasehold interest in certain San Francisco real estate, the evidence as to whether the same was separate property of the defendant, or the community property of both spouses, is substantially conflicting; but aside from this, the trial court, while finding these holdings to be community property, awarded all the community property to the defendant and appellant herein; and having awarded the plaintiff a divorce on the ground of the defendant's cruelty, it is difficult to see how she could have been injuriously affected by the decree of the court in her favor as to these properties.

As to the appellant's contention in relation to the alleged error of the trial court in refusing to credit the defendant with certain sums of money claimed to have been paid

by her to the plaintiff, the evidence is conflicting, the plaintiff testifying that upon a general accounting of money transactions between the parties the balance would be in his favor. We will not, therefore, interfere with the conclusions arrived at by the trial court in this regard.

Finding no error in this record the judgment is affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.