[Civ. No. 8893. Second Appellate District, Division Two.—December 31, 1934.]

JESSIE STURDEVANT, Appellant, v. RALPH S. STURDEVANT, Respondent.

444

Stoner & Gardner for Appellant.

George N. Foster for Respondent.

WILLIS, J., *pro tem.*—By a statement of facts in ordinary and concise language, appellant in her complaint herein stated a cause of action for recovery from respondent of the sum of $2,986.86 on a subsisting and unsatisfied judgment entered in favor of appellant and against respondent by a Nebraska state court on July 1, 1925, for separate maintenance payable in monthly installments indefinitely. In his answer respondent admitted the making and entry of the judgment but denied that it was valid, subsisting and enforceable against him in Nebraska, as alleged in the complaint; admits that he ceased payments, as required by the judgment, on September 1, 1928, but denies there is anything unpaid thereon. As a separate and distinct defense, respondent alleges in his answer that he had deeded certain real property in Nebraska to the mother of appellant under an agreement that such deed was made for the use and

benefit of appellant, the mother to be and act as trustee for appellant as beneficiary; that said property was of the value of $12,000, subject to an encumbrance in the sum of $4,400; and that in addition to such deed and in settlement of said judgment, respondent delivered to appellant all the furniture in the house on said real property, which furniture was reasonably worth the sum of $2,000. A second defense states that the judgment "has been fully paid and satisfied by the property turned over to the plaintiff by the defendant in settlement of the same and the rents and profits thereof".

A third defense relating to certain insurance policies was pleaded but at the trial, by stipulation, was eliminated from the case. In a cross-complaint, respondent alleges the making and entry of the judgment, that he deeded the real property to appellant's mother in trust for the use and benefit of appellant, and that appellant received from respondent such real property of the value of $12,000, subject to encumbrance in the sum of $4,400 and furniture of the value of $2,000 in settlement of said judgment, and that appellant has since said transfer received the rents and profits from said real property. He also set forth the matter relating to the insurance policies which was abandoned at the trial. He asks for an accounting of rents and profits, and that he be given credit for the value of the real property and furniture and rents and profits in the judgment. By her answer thereto, appellant put in issue the matter of transfer of the property in settlement of the judgment and denied receipt of any rents and profits. After trial the court signed findings and caused judgment to be entered thereon in favor of defendant. From this judgment this appeal is taken and brought here by the so-called alternative method, and the only question presented by appellant relates to the sufficiency of the evidence to show payment of the installments of the Nebraska judgment, accruing after September 1, 1928.

In its findings the lower court found that all the allegations of the complaint were true, except that it was not true that defendant had not paid any installments since September 1, 1928, and that it is not true that the sum of $2,986.86 remains "wholly due, owing and unpaid from the defendant to the plaintiff" on said judgment, but finds that such judgment is not satisfied of record. The court then

finds in this language: "The court finds generally upon the issues joined in favor of the defendant and against the plaintiff." As to the answer and cross-complaint, the court signed this finding: "The court refers to the answer and cross-complaint of the defendant, filed herein and the answer of the plaintiff to said cross-complaint and finds generally in favor of the defendant and against the plaintiff." Then the court follows with this finding: "The court further finds that after applying the rents and profits received by the plaintiff from the property located at 3260 South 31st Street, Lincoln, Nebraska, and the value of the household goods and furniture given by the defendant to the plaintiff and which the court finds to be of the reasonable value of about $2,000.00, there is nothing due to the plaintiff on said judgment sued upon by reason of the instalments which have accrued and are delinquent under the terms of the foreign judgment and that the same is fully paid up to the date of trial, to-wit: October 7, 1932." The court then finds there is nothing due on account of the insurance policies and that a further accounting is unnecessary and as its conclusion finds that plaintiff is entitled to take nothing by reason of her complaint.

■ Under the system of express findings provided for by the Code of Civil Procedure (secs. 632, 633)˙ full findings, unless waived, are required on all material issues raised by the pleadings and evidence. This applies not only to issues raised by denials of the allegations of the complaint but to issues raised upon affirmative defenses in the answer or upon a cross-complaint. It is patent, upon examination of the pleadings and findings herein, as exemplified by the foregoing synopsis thereof, that there is a failure to find on the affirmative defenses of settlement of the judgment by the deed, and the furniture as alleged in the answer. A failure to make a finding on a material issue results in prejudicial error entitling the complaining party to a reversal, provided it appears from the record that there was evidence introduced as to such issue and the evidence was sufficient to sustain a finding in favor of such party. ■ Herein there was evidence introduced in respect to the giving of the deed and the disposition of the furniture and that evidence clearly shows, and respondent's own testimony reveals that no deed was ever given by respondent

to appellant's mother for the appellant's benefit or use, in trust or otherwise, and that no giving or receiving of the furniture in settlement of the judgment ever took place. If the general finding quoted above could under any circumstances constitute a sufficient finding in support of respondent's affirmative defense of payment, or if the so-called finding that "there is nothing due to plaintiff" coupled with the finding that the judgment "is fully paid up to the date of trial" be held sufficient to constitute a finding on the issue of payment, then it must be held herein that such finding is not supported by the evidence, but is contrary to the undisputed evidence. To substantiate this conclusion, it is sufficient simply to refer to the admission in respondent's answer herein and his uncontroverted testimony that he has made no payments on the judgment since September 1, 1928, and to the uncontradicted testimony of respondent and other witnesses concerning the execution of such deed, and the history of such furniture. Briefly stated, it is as follows: Respondent, being in default on the loan on the property in question, he and appellant, his co-owner, signed, acknowledged and delivered a deed of the property to the mortgage holder. At the time of such transaction, respondent was in Reno, Nevada, and appellant was in Lincoln, Nebraska. No communication or agreement was had between them in reference to this deed. It was signed and delivered to satisfy the mortgage, on threat of foreclosure, and to escape deficiency liability. After delivery of the deed to the mortgage holder, who was the grantee named therein, appellant's mother negotiated with the mortgage holder to buy the property and did buy it, but when it came to the transfer of the title by the mortgage holder to the mother, the expedient and short-cut of erasing the grantee's name in the deed previously given and inserting the mother's name as grantee was adopted and used. Respondent knew nothing of this transaction at the time and did not in any way participate therein. All the evidence clearly shows that his allegations in his affirmative defense in respect thereto were false. Diligent search through the reporter's transcript also discloses no evidence concerning the amount of any rents and profits received from the real property except respondent's testimony that the property with the furniture had a rental value of $100 per

month, despite the recitation in the court's findings, quoted above, "that after applying the rents and profits received by the plaintiff from the real property."

It also appears from the evidence without contradiction that no agreement or discussion ever arose between appellant and respondent in respect to the disposition of the furniture. Respondent left his home and his wife in 1921 and the furniture was in the home at the time and left in the possession of appellant, who has ever since retained such possession without any agreement as to its disposition. There was no evidence of its value given at the trial except that of respondent, who said it had originally cost over $2,000 some years before, which amounted to no proof at all of its value at the time in question. It is clear from the evidence that had the court made specific findings on the plea of payment by means of the deed and delivery of furniture, there was sufficient evidence—indeed undisputed evidence—to require a finding that the allegations in the affirmative defense and of the same matter in the cross-complaint were not true. Had such finding been thus made, appellant would have been entitled to judgment. The failure to find on this material issue or defense alone entitles her to a reversal. (*Estate of Pendell*, 216 Cal. 384 [14 Pac. (2d) 506].) We must, therefore, hold that it was prejudicial error to fail to make findings on these material issues and that any implied finding of payment is not supported by the evidence.

Inasmuch as the evidence adduced at the trial and here before us in the record on appeal is substantially without conflict on all material issues, and that in the interest of justice a new trial is not required, instead of reversing the judgment herein and remanding the cause for further proceedings in the trial court we will follow the remedial and salutary provision of section 956-a of the Code of Civil Procedure and make findings of fact herein as follows: (1) That all the allegations contained in paragraphs I, II, III, IV, V and VII of plaintiff's complaint are true. (2) That in respect to the allegations of paragraph VI of said complaint, we find the same are true except as to the amount alleged to be unpaid on the judgment sued upon, and as to that we find the amount which had accrued on said judgment from September 1, 1928, up to the commencement of the action is the sum of $2,525 and that said sum or any

part thereof has not been paid. (3) That the denials in defendant's answer to allegations of plaintiff's complaint, and the affirmative allegations thereof, and the allegations in the separate defenses therein are not true. (4) That the allegations of defendant's cross-complaint are not true, except the allegations in paragraph I setting forth the entry and terms of the judgment of the Nebraska court. From these findings, the court concludes that defendant is entitled to no relief under his cross-complaint and that plaintiff is entitled to a judgment against defendant for the sum of $2,525, together with interest on each deferred monthly payment from date of maturity to date of judgment, at the rate of seven per cent per annum.

It is therefore ordered that the findings and judgment made and entered by the court below be and the same are hereby vacated and set aside and the cause remanded to the lower court with directions to enter a judgment in accordance with the above conclusion.

Stephens, P. J., and Crail, J., concurred.