[Civ. No. 20533. Second Dist., Div. One. Dec. 6, 1954.]

ISABELLE F. STEELE, Respondent, v. RALPH STEELE, Appellant.

Noren Eaton for Appellant.

Frank S. Whiting for Respondent.

DRAPEAU, J.—Plaintiff wife was awarded an interlocutory decree of divorce from defendant husband. The decree gave to the wife an undivided one-half interest in a nine-unit furnished court in Sierra Madre. It was stipulated at the trial that this property belonged one-half to the wife as her separate property and that the other one-half belonged to the husband and wife as community property.

The decree gave the community one-half to the wife, and provided that she pay her husband $10,000, at the rate of $100 per month with interest.

The husband has appealed from the judgment and has filed his opening brief.

The wife now moves to dismiss the appeal for the reason that the husband has accepted eight monthly payments of $100 each under the terms of the decree.

Voluntary acceptance of the benefit of a judgment or order does not always bar the prosecution of an appeal therefrom.

When there has been payment of a judgment by an appellant he does not lose his right of appeal if it is compulsory, such as under execution or other coercion (*Reitano* v. *Yankwich*, 38 Cal.2d 1 [237 P.2d 6]).

A wife who accepted certain items of property shortly after the conclusion of the divorce trial but before the judgment was signed was not estopped from prosecuting her appeal (*Stice* v. *Stice*, 81 Cal.App.2d 792 [185 P.2d 402]).

In *Daroux* v. *Daroux*, 53 Cal.App. 223 [199 P. 1112], in deciding a motion to dismiss the appeal, it was said that the settlement of property rights of the parties to an action for divorce, being a mere incident of the main purpose of the action, it should be the policy of the appellate courts to hear and determine such actions upon their merits.

The motion is denied.

White, P. J., and Doran, J., concurred.