[Civ. No. 16527.   First Dist., Div. Two.   Oct. 3, 1955.]

ALFRED G. CECCHINI, Respondent, v. TOM RIDINGER,
Appellant.

Thomas F. Sargent for Appellant.

Wainwright & Racanelli and Racanelli & Duvaras for
Respondent.

NOURSE, P. J.—Plaintiff sued for the breach of an oral
contract to sell Christmas trees, the complaint being that
the trees delivered by defendant were defective in quality and
that many were unfit for resale.  The defendant answered by
denying all these allegations of the complaint.  In addition
to these denials he pleaded the affirmative defense that plain-
tiff was barred from recovery because he had inspected,
accepted and paid in full for the trees before delivery.  The
trial court found for the plaintiff on all issues raised by the
complaint.  As to the defendant the findings were merely that
"all of the allegations of *denial*" in the answer were untrue.
The appeal from the judgment rests mainly on the ground

that the trial court thus failed to find on the affirmative defense of inspection, acceptance and payment before delivery.

As the judgment must be reversed because of this lapse in the findings we will quote here portions of the special defense upon which appellant relies:

"For a further and separate defense defendants allege:

.    .    .    .    .    .    .    .    .    .    .    .    .

"On or about the first day of November, 1953, in the course of a telephone conversation between plaintiff and defendants, plaintiff offered to buy from defendants 50 white fir Christmas trees and 1,500 red fir Christmas trees, or as many thereof as should be selected and accepted by plaintiff or his agent. It was agreed that the trees should be of marketable quality. Defendants accepted plaintiff's offer upon condition that a deposit of $1,000 should be paid and upon the further condition that the trees should be accepted and paid for in Sierraville and shipped at the expense of plaintiff.

"The $1000.00 deposit was paid and when the trees were ready for shipment a person duly authorized by plaintiff to act for him came to Sierraville and examined and measured the trees which had been collected by defendants. Said agent rejected certain of these trees as being unsuitable and approved 34 white fir trees and 1509 red fir trees and telephoned to plaintiff that the trees were acceptable. Plaintiff thereupon accepted the trees which had been selected by his agent and paid for them."

It is obvious that if these affirmative allegations had been found true judgment should have gone for the defendant.

Respondent makes a poor effort to defend the findings made. He states that the trial court found that the trees were "delivered" to plaintiff in San Francisco on December 2. No such finding as to delivery was made. The court found that the trees "arrived" at plaintiff's place of business on that date. There is no dispute whatever that the trees were delivered and accepted at Sierraville before shipment. Respondent also states that he "first" inspected the trees on their arrival in San Francisco. The trial court did not find that this was the "first" inspection and could not have so found under the evidence.

There is just one issue of law presented on the entire appeal and that is that where an affirmative defense is pleaded by defendant which, if true, would defeat plaintiff's recovery, is the failure to find on that defense reversible error. The answer is in the affirmative.

Upon the trial of an issue of fact written findings must be made and entered unless waived (Code Civ. Proc., §§ 632 and 633). The failure to follow these directions demands a reversal of the judgment in all cases such as we have here—where there is substantial evidence to prove the issue of the special defense. (3 Cal.Jur.2d 825; *Estate of Pendell,* 216 Cal. 384, 386 [14 P.2d 506]; *Sturdevant* v. *Sturdevant,* 3 Cal.App.2d 443, 446 [39 P.2d 433]; *Bird* v. *Murphy,* 72 Cal.App. 39, 44 [236 P. 154]; and *Engleman* v. *Green,* 125 Cal.App.2d Supp. 882, 886 [270 P.2d 127].)

Judgment reversed.

Dooling, J., and Kaufman, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 30, 1955.