[Civ. No. 5266.   Fourth Dist.   Nov. 27, 1956.]

EUGENA K. WILLIAMS, Respondent, v. EDWIN L. WILLIAMS, Appellant.

Hennigan & Ryneal, and J. David Hennigan for Appellant.

Best, Best & Krieger and Enos C. Reid for Respondent.

MUSSELL, J.—On July 29, 1954, plaintiff filed an action herein for separate maintenance.   Defendant answered and also filed a cross-complaint in which he sought a divorce from plaintiff on the ground of extreme cruelty.   Plaintiff then on December 9, 1954, filed an amended and supplemental complaint for divorce.   In the first cause of action therein she alleged extreme cruelty in general terms and in the second cause of action alleged specifically that the defendant maliciously caused her to be committed as a psychopathic case in the detention ward of a general hospital.   Both parties sought an award of the community property and custody of the children of the marriage.   The trial court rendered a judgment granting a divorce to plaintiff on her amended and supplemental complaint and also granted a divorce to the defendant on his cross-complaint.   Defendant appeals from the judgment

rendered in favor of the plaintiff and against the defendant. He contends, among other things, that the findings of fact fail to support the judgment and that the court erred in ordering an unequal division of the community property of the parties. Both of these contentions are meritorious and warrant a reversal of the judgment in favor of the plaintiff.

Plaintiff testified to many acts of physical violence and cruelty on the part of the defendant which were not corroborated by the testimony of other witnesses. She also testified that the defendant had her committed to a hospital as an insane person when she was not in fact insane. This testimony was corroborated in part by the testimony of a physician to the effect that she was received at the hospital and examined by him. However, the hospital records or the commitment papers were never received in evidence and the defendant testified that he had plaintiff sent to the hospital on the advice of physicians. The testimony shows that plaintiff was in the hospital two or three days and then released.

The court found that "It is true that the defendant has been guilty of cruelty toward the plaintiff" and that "It is true that defendant, on October 18, 1954, with malice, caused plaintiff to be committed to the Riverside General Hospital as a mentally ill person." However, there is no finding that the defendant was guilty of extreme cruelty or that the acts or conduct of the defendant caused plaintiff either bodily injury or mental suffering. In *Ritter* v. *Ritter*, 103 Cal.App. 583, 587 [284 P. 950], the court held that "To support a judgment for divorce upon the ground of extreme cruelty it is essential that the court find that the conduct characterized by the findings as cruel, 'wrongfully inflicted upon the [innocent party] grievous bodily injury or grievous mental suffering, or both'" and "(t)his is so because the injury or suffering is the ultimate fact entitling the injured party to a severance of the marital ties." (See also *Booth* v. *Booth*, 100 Cal.App. 28, 30 [279 P. 458].) The question whether one spouse has inflicted grievous bodily injury or grievous mental suffering upon the other is a question of fact to be determined by the trial court as the ultimate fact in a divorce action for cruelty and it was the trial court's duty herein to find on this issue. (*LaMar* v. *LaMar*, 30 Cal.2d 898, 901 [186 P.2d 678].)

The trial court found that the parties had community property valued in the total sum of $11,187 and further found that the community obligations amounted to the sum of $10,727.16. The net community assets, therefore, amounted

to the sum of $459.84. In its judgment the trial court erroneously awarded plaintiff the household furniture, valued at $1,500 and the further sum of $3,500 as her share of the community property. In *De Burgh* v. *De Burgh*, 39 Cal.2d 858, 874 [250 P.2d 598], the court said:

"Section 146 of the Civil Code provides that if the divorce is granted for extreme cruelty, the court may apportion community property as it deems just, but that statute has been interpreted to permit an award of more than half of the community property only to an innocent spouse. (*Eslinger* v. *Eslinger,* 47 Cal. 62, 64.) When a divorce is granted to both parties, neither is innocent within the meaning of this rule, and the community property must be equally divided."

In *Rethers* v. *Rethers,* 140 Cal.App.2d 28, 33 [294 P.2d 968], it was held as follows:

". . . 'If it be determined as a fact that they are community debts, then they should be deducted from the gross value of the community property before a division thereof is made.' "

Defendant, in his notice, appeals from the judgment in favor of plaintiff. However, there is only one judgment and it is adjudged therein that plaintiff is entitled to a divorce from the defendant and further that defendant is entitled to a divorce from plaintiff on his cross-complaint. Plaintiff has not appealed from the judgment. We conclude that under the circumstances shown by the record the entire matter should be retried and in view of this conclusion, we do not pass upon the other points raised by the appellant.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.