[Civ. No. 17921.   First Dist., Div. One.   May 19, 1958.]

Estate of FLORENCE ELIZABETH HEWITT, Deceased. ETHEL MARY PEAK, Appellant, v. ROBERT M. McGROUTHER, as Administrator With the Will Annexed, etc., Respondent.

Ethel Mary Peak, in pro. per., for Appellant.

O'Gara and O'Gara for Respondent.

PETERS, P. J.—On January 22, 1957, Florence E. Hewitt died, testate, leaving as her sole heirs her niece and nephew Ethel Peak and Percival Myers, brother and sister. Both filed petitions for letters of administration with the will annexed. After Myers had filed, and before Ethel Peak had filed, the probate court on February 13, 1957, on the ex parte application of Myers, appointed him special administrator. On February 25, 1957, Ethel Peak filed objections to the appointment of Myers, and on the same day filed her petition for letters. On March 11, 1957, after a hearing, the court entered its minute order reading as follows:

"Petition of Ethel M. Peak for Letters of Administration with Will annexed Denied.

"Petition of Percival H. Myers for Letters of Administration with Will annexed Granted."

The next day, March 12, 1957, the court entered its formal

order admitting the will to probate and appointing Myers administrator with the will annexed.

On March 14, 1957, Ethel Peak appealed from the minute order of March 11, 1957. On April 17, 1957, Ethel Peak filed an amended notice of appeal "from the orders made and entered in the above entitled matter granting the petition of P. H. Myers for letters of administration and the order denying the petition of Ethel M. Peak for letters of administration. . . .

"Said orders were made and entered in the Clerk's Register on or about March 11, 1957."

Both notices of appeal refer only to the minute order of March 11, 1957. In part at least, the appeal should have been from the formal order of March 12, 1957. This, however, is of minor importance, and does not render the appeal premature. Under the Rules on Appeal, and the cases interpreting them, the appeal will be considered, so far as necessary, as having been taken from the formal order later entered. (Rule 2(c); *Holden* v. *California Emp. etc. Com.*, 101 Cal. App.2d 427 [225 P.2d 634]; *Smith* v. *Smith*, 126 Cal.App.2d 194 [272 P.2d 118].)

Appellant attempts to attack the order of February 13, 1957, appointing respondent, ex parte, as special administrator. This she may not do. She has not appealed from that order. She could not have done so. Section 460 permits the probate court to appoint a special administrator when the circumstances of the estate require the immediate appointment of a personal representative, and section 461 provides that such appointment "may be made at any time without notice . . . such order is not appealable." Thus, nothing further need be said about the attack on the order of February 13, 1957.

The attacks upon the minute order of March 11, 1957, and the formal order of March 12, 1957, present more difficult problems. Both sides admit that those orders were void because they were not supported by findings of fact and such findings were not waived. Both sides agree that the statute provides, and the cases hold, that such orders must be supported by findings. (See Prob. Code, § 1230; *Estate of Dow*, 91 Cal.App.2d 420 [205 P.2d 698].) The parties differ, however, as to whether the appeal, being from a void order, should be dismissed or reversed.

There is substantial authority that appeals prematurely taken from orders not appealable because not final should be

dismissed. (*Estate of Dow*, 91 Cal.App.2d 420 [205 P.2d 698]; *Supple* v. *Luckenbach*, 12 Cal.2d 319 [84 P.2d 52]; *Estate of Lopus*, 12 Cal.2d 651 [86 P.2d 818]; *Estate of Dodds*, 52 Cal.App.2d 287 [126 P.2d 150]; see also *Estate of King*, 121 Cal.App.2d 765 [264 P.2d 586].) It should be noted that several of these cases last cited were decided before the 1951 amendment to rule 2(c), which has now changed the rule of these cases.

█ There are also several well-reasoned cases holding that since a dismissal is in legal effect an affirmance, the proper procedure is to reverse, even though the order is unsupported by findings. In *Petroleum Midway Co.* v. *Zahn*, 62 Cal.App. 2d 645 [145 P.2d 371], a judgment, unsupported by findings, was entered and an appeal taken, in a case requiring findings. The court discussed the problem at some length and came to the conclusion that in such cases, although the appeal is premature, the judgment or order appealed from should be reversed rather than dismissed. The court in the Zahn case first pointed out that as in the instant case no subsequent judgment supported by findings has been entered, and then stated (p. 652): " 'The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from.' (Code Civ. Proc., § 955.) The only judgment in this case should be reversed, not affirmed, by the dismissal of the appeal.

"The principles and practice of the decided cases warrants our reversal of the judgment. The entry of a judgment without findings, where findings are required and not waived, is not an immaterial error in procedure. [Citing several cases.] In each of the cases just cited the complication created by entering a judgment without the filing of prerequisite findings was cured by reversing the judgment on appeal. An appeal should be an appropriate remedy. The judgment appealed from would be a valid judgment, if findings had been waived, and as the judgment roll need not, and does not, reveal whether findings were or were not waived, the judgment, under many circumstances, would be immune from attack. [Citing a case.] It is true that such judgments may be characterized as nullities. [Citing two cases.] █ However, 'It has been repeatedly held that an appeal may be taken from an order or judgment notwithstanding the fact that it is void.' [Citing several cases.] To conclude that we have no jurisdiction on this appeal to reverse the judgment which was entered in book 1274, page 264, on August 20, 1942,

because it has not yet been rendered, in that findings have not been filed, would be to give words precedence over the ideas they are meant to convey, and to give to a form of procedure greater obeisance than to the object sought to be attained.'' (See also *Engleman* v. *Green*, 125 Cal.App.2d Supp. 882 [270 P.2d 127] ; *Estate of Baird*, 59 Cal.App.2d 303 [138 P.2d 698] ; *Cecchini* v. *Ridinger*, 136 Cal.App.2d 8 [288 P.2d 146] ; *Estate of Pendell*, 216 Cal. 384 [14 P.2d 506] ; see discussion and collection of cases 3 Witkin, California Procedure, p. 2177.)

Thus, there is a definite conflict in the cases, some holding that in such cases the appeal should be dismissed, in others that the order or judgment should be reversed. We are impressed by the reasoning in the Zahn case, *supra*, and the other cases holding that the proper procedure is to reverse.

■ Respondent argues that in any event the appeal is moot. This contention is based on several events occurring after the orders here appealed from were made. Respondent points out in his brief that after Myers was appointed as administrator and the appeal taken several days later, Myers continued to act as administrator although his power to act had been suspended by the appeal. Ethel Peak, the appellant, then noticed a motion for the revocation of letters of administration of Myers, for an accounting, and for the appointment of First Western Bank as special administrator. At the oral argument of the instant case it was stipulated that on May 22, 1957, the probate court made its order appointing the First Western Bank as special administrator, suspending all powers of respondent as general administrator, and ordering respondent Myers to turn over to First Western Bank all assets of the estate in his possession. It was further stipulated that on August 13, 1957, the letters of respondent as administrator with the will annexed were withdrawn. From the record in the instant case it appears that Percival Myers is now dead and that the administrator of his estate has now been substituted as respondent in the instant proceeding.

Thus it now appears that respondent has been removed as administrator and that the First Western Bank has, at appellant's request, been appointed special administrator. Because of the death of Myers there is no possibility of his again being appointed administrator. Thus this portion of the appeal is moot. ■ But that is not the only issue involved on this appeal. Appellant has appealed from that portion of the order of March 11, 1957, denying her petition for letters of admin-

istration. This issue is not moot. She is legally entitled to an order supported by findings finally disposing of this issue. The reporter's transcript of the hearing of March 11, 1957, discloses that the evidence was conflicting on this issue. Appellant is entitled to have this portion of the order reversed because of the failure to make findings.

As already pointed out, the validity of the order of February 13, 1957, is not before us, and no order is required in reference thereto. That part of the order of March 12, 1957, admitting the will to probate is affirmed. The appeal from that portion of the order of March 12, 1957, appointing Myers as general administrator is dismissed as moot. That portion of the order of March 11, 1957, denying appellant's petition for letters is reversed. Appellant to recover her costs on appeal.

Bray, J., and Wood (Fred B.), J., concurred.