[Civ. No. 6489.   Fourth Dist.   Jan. 18, 1961.]

MARY LOUISE KING SMITH, Appellant, v. KAY VINCIN SMITH, Respondent.

Edwin C. Jeffries for Appellant.

Augustine & Bryans and George E. Bryans for Respondent.

GRIFFIN, P. J.—Plaintiff-appellant appealed from a modified interlocutory decree of the Superior Court of San Diego County entered in the above entitled divorce action in which both parties were found guilty of extreme cruelty.

The original interlocutory decree and modified decree found certain property to be community property and made a division thereof between the parties. It also awarded plaintiff $300 per month support for 24 months. A modified decree was entered awarding plaintiff an additional sum of $1,220.72, payable $33.90 per month as of March 16, 1960, and readjusting ownership of certain stock formerly awarded to plaintiff.

The record is before us on the appeal and plaintiff has filed her opening brief. Defendant moved to dismiss the appeal on the representation that plaintiff had accepted the fruits

of the judgment by taking assignment of ownership from defendant to plaintiff of one automobile, one ring, insurance policy and certain shares of stock distributed to her under the interlocutory decree. It was further shown that defendant has made all payments due plaintiff from defendant under the interlocutory decree up to the present time.

On the appeal, plaintiff contends in her brief that the community property was improperly distributed; that where both parties are granted a divorce from the other the community property *must* be divided equally (citing *Williams* v. *Williams*, 146 Cal.App.2d 307 [303 P.2d 586]), and that the court did not do so in the instant case. It is further argued that the trial judge exhibited prejudice against plaintiff in the action and that newly discovered evidence revealed more community property or income on the part of defendant than was found by the trial court, and accordingly her motion for a new trial should have been granted on that ground.

It affirmatively appears that it would be necessary to examine the entire record before these questions could be properly determined. It is also claimed that the appeal is frivolous and was taken merely for the purpose of delay. Plaintiff denies this claim. Only an examination of the entire record would determine this fact. It is true that plaintiff's opening brief fails to support her claims set forth therein, by page reference to the transcript. It is defective in certain other respects. See rule 15, Rules on Appeal. We feel, however, that this neglect may be corrected by proper revision of the brief. (Rule 18, Rules on Appeal; 2 Stanbury, California Trial and Appellate Practice, § 1119, p. 313.)

As to the payments made on the interlocutory decree involving alimony and assignment of specific property constituting a waiver of appeal, it is said in 2 Stanbury, California Trial and Appellate Practice 101, section 861, that it is the policy of appellate courts to determine divorce actions upon their merits, and the acceptance of payments or the division of property pursuant to an interlocutory decree does not necessarily result in a waiver of the right of appeal as in other cases; that property rights are only incidental in such cases and the appellant accepting benefits of the judgment is usually entitled to them in the form of support or partial division of the property, regardless of the outcome of the appeal. (Citing *Browning* v. *Browning*, 208 Cal. 518 [282 P. 503]; *Steele* v. *Steele*, 129 Cal.App.2d 389 [277 P.2d 56]; *Stice* v. *Stice*, 81 Cal.App.2d 792 [185 P.2d 402].)

Under the showing here made, we are of the opinion that the issues here presented on this appeal cannot be properly determined on this motion to dismiss.

Motion to dismiss appeal denied. Plaintiff allowed to perfect or file proper opening brief within 10 days. Respondent allowed rule time thereafter to file his brief.

Shepard, J., and Coughlin, J., concurred.